1
2
3
4
5

Esperanza Cervantes Anderson | SBN 197953
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 North Allen Avenue
Pasadena, California 91104
Tel.:   (626) 219-6773
Fax:   (626) 389-8911

Attorney for Plaintiff Relator
FRANK ADOMITIS

6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19

| UNITED STATES OF AMERICA ex rel. FRANK ADOMITIS, an individual,<br><br>Relator,<br><br>v.<br><br>OJAI VALLEY COMMUNITY HOSPITAL; DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 17-06972 JGB (KKx)<br><br>(Hon. Jesus G. Bernal)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S CERTAIN REQUESTS FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
|---|---|

20
21
22
23

Plaintiff-Relator Frank Adomitis ("Relator") hereby objects and requests a hearing on Defendant's Requests for Judicial Notice in support of its Motion to Dismiss pursuant to Federal Rule of Evidence 201(b).

24

**I.     INTRODUCTION**

25
26
27
28

Relator filed a First Amended Complaint on May 14, 2018 (ECF Doc. # 17), alleging various claims under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. Defendant Community Memorial Health System, dba Ojai Valley Community ("Ojai Hospital") filed a Motion to Dismiss the Complaint on May 29, 2018,

including various Request for Judicial Notice ("RJN"). Ojai Hospital's Request for Judicial Notice (Dckt. No. 18-1) is the subject of these objections.

## II.   LEGAL STANDARD

It is well settled that "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quotations omitted); *see also Brocato v. Dep't of Corrections*, No. CV 06-00575 CJC (JEM), 2009 U.S. Dist. LEXIS 100382, at *7 (C.D. Cal. Sept. 21, 2009) ("On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must limit its review to the four corners of the operative complaint and may not consider facts presented in briefs or extrinsic evidence.").

A narrow exception exists for "unattached evidence on which the complaint necessarily relies." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). A complaint "necessarily relies" on a document where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* In addition, the Court may take judicial notice pursuant to Federal Rule of Evidence 201 of "matters of public record," but not of facts that may be "subject to reasonable dispute." *Id.* (citing *Lee*, 250 F.3d at 689).

The consequences of taking judicial notice are significant. "Where the trial court has taken judicial notice of a fact, the jury must be instructed to accept that fact as conclusive. *Judicial notice also precludes either party from introducing evidence to disprove that fact*. The Ninth Circuit has accordingly urged the district courts to be cautious in taking judicial notice and to do so only when the matter is beyond controversy." *Metro. C. Trust v. Pricewaterhousecoopers, LLP,* 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) (internal citations and quotation marks omitted)(discussing Fed. R. Evid. 201(g) and *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Cir.2005)) (emphasis added).

Under Federal Rule of Evidence 201, the Court may take judicial notice of a fact only if it is: "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A.   Relator's Objections to Common to All (Exhibits A-D)

### 1. Authentication

Because Ojai Hospital failed to authenticate the documents attached to the RJN, these documents may not be judicially noticed. *CYBERsitter, LLC v. People's Republic of China*, 805 F. Supp. 2d 958, 963 (C.D. Cal. 2011) (denying request for judicial notice of "statements or images appearing on undated, unverified websites without an accompanying declaration as to when, where, and how such images or statements were obtained"); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) ("Information from the internet does not necessarily bear an indicia of reliability and therefore must be properly authenticated by affidavit.")

### B.   Relator's Objections to Exhibit D "2013 Transcript for audio podcast: Critical Access Hospital Designations"

**1. Relevance.** Exhibit D is irrelevant to any claim or defense in this motion, i.e., whether Relator's Complaint makes allegations sufficient to state a claim against defendant. *See* Fed. R. Evid. 401. What a "progam analyst" Brian Jordan—who never claims to speak for the government in the podcast, thinks or observes about CAH hospitals generally, does not assist this Court address any claim or defense in the Rule 12(b)(6) context; the transcript is useless. The transcript does not address Ojai Hospital, or its status as a CAH, or its CMS 2552 Form statements, no mention is made of any Ojai Hospital officers, directors, employees – so whether the contents of this transcript at this time is determinative of nothing in *this* action, and cannot even be fairly argued to

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

constitute a pattern of regulatory or agency activity.

Relevance is a predicate to valid judicial notice. The rule allowing judicial notice requires that the fact at issue also be "an adjudicative fact," Fed. R. Evid. 201(a), and, based upon this requirement, courts require that such facts satisfy the evidentiary rules regarding relevance as well. *See Blye v. Cal. Supreme Court*, No. 11-5046, 2014 U.S. Dist. LEXIS 7329, *3 (N.D. Cal. Jan. 21, 2014) ("[A]n irrelevant fact is one not of consequence in determining the action, *see* Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact."); *La Spina v. Wucherer*, No. 96- 1359, 1996 U.S. Dist. LEXIS 16095 (S.D. Cal. Oct. 9, 1996) (explaining that judicial notice is used to establish "relevant" facts).

Here, Ojai Hospital has ignored that courts in this Circuit (and elsewhere) consistently deny requests to take judicial notice of irrelevant facts, especially where dispositive, where courts "consider only alleged facts that would be admissible in evidence." *Rosa v. TASER Int'l*, 684 F.3d 941, 948 (9th Cir. 2012); *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (denying judicial notice because materials submitted were "not relevant to the disposition of this appeal"); *Donastorg v. Riverside County Sheriff's Dep't*, No. 12-1654, 2014 U.S. Dist. LEXIS 91169, *6-7 (C.D. Cal. May 7, 2014) (denying judicial notice where evidence irrelevant to summary judgment motion).

Further it is entirely unclear as to what Ojai Hospital hopes to achieve with judicial notice as to Exhibit D, it can be assumed that Ojai Hospital hopes to bootstrap the contents of these transcript of a podcast to suggest that CAH certification is immaterial or subject to ongoing regulatory scrutiny.

**2. Hearsay.** Defendant's Request for Judicial Notice improperly attempts to submit statements by program analyst Brian Jordan—who never claims to speak for the government, as to the meaning or significance of the CMS Provider forms - for the truth of the matter asserted. The transcript does not provide a *prima facie* evidence of the existence or absence of regulatory or agency activity by CMS.

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Plaintiff appears to be seeking judicial notice Exhibits D to get around hearsay rules which prohibit the introduction of out-of-court statements offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c).

**3. Not Generally Known Facts.** The existence of Exhibit D is not "generally known within the trial court's territorial jurisdiction," nor can they "be accurately and readily determined from sources whose accuracy cannot be reasonably questioned" as is required under Federal Rule of Evidence 201(b). Like the *New York Times* report that the court denied judicial notice of in *Alabama Aircraft Indus., Inc.-Birmingham v. United States,* No. 08-470C, 2008 WL 2973952, 82 Fed.Cl. 757, 765 (Fed. Cl. July 31, 2008), the podcast transcript cannot be said to be "necessarily 'indisputable,' nor would [they] state facts 'whose accuracy cannot be questioned.'" Regulatory status with CMS does not mean that issues are wholly non-existent, that no similar disputes pending, past audits are without any issue, or CAH status squeaky clean, etc., so these reports cannot be "indisputable," and their significance, as they relate to a hospital who are not even a party to this action, can most certainly "be questioned.. Even if the Court were inclined to take judicial notice of Exhibit D, such notice should be limited.

"[C]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time, *not whether the contents of those articles were in fact true*." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.2010) (emphasis added). "[T]he Court can only take judicial notice of the fact that the pages were published; *the Court cannot take judicial notice of the contents of the article*. As such, the Court will take judicial notice only of the fact that the pages that were submitted to the Court were published." *Lack v. Rustick*, No. 06-cv-02204, 2008 WL 268712, *4 (D. Ariz. Jan. 28, 2008) (emphasis added).

In sum, that these reports *exist* on the CMS website is the only possible legal significance that should be placed in a Request for Judicial Notice. But again, so

1    what?

2

3    **III.    CONCLUSION**

4            For the reasons set forth above, this Court should either deny Ojai Hospital's

5    Request For Judicial Notice as to each of the four exhibits "A," "B," "C," and "D,"

6    pursuant to Federal Rule of Evidence 201(a), and allow Relator's objections to the

7    request, as set forth above, to be heard at or before the hearing set on this matter.

8

9    DATED:  July 9, 2018             **LAW OFFICE OF ESPERANZA CERVANTES**

10                                    **ANDERSON**

11

12                                    By: */s/Esperanza Cervantes Anderson*
                                      Esperanza Cervantes Anderson, Esq.
13                                    Attorney for Plaintiff/relator
                                      FRANK ADOMITIS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Opposition to RJN In Support of Motion to Dismiss FAC