JEFFREY R. MAKIN (SBN 252426)
jeffrey.makin@arentfox.com
ALEXANDER S. BIRKHOLD (SBN 304334)
alexander.birkhold@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile:  213.629.7401

Attorneys for Defendant
OJAI VALLEY COMMUNITY HOSPITAL, a
d/b/a of COMMUNITY MEMORIAL HEALTH
SYSTEM, a California Nonprofit Public Benefit
Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. FRANK ADOMITIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OJAI VALLEY COMMUNITY HOSPITAL; DOES 1 through 20, inclusive,<br><br>Defendant. | Case No.  CV17-06972 JGB (KKx)<br><br>**DEFENDANT OJAI VALLEY COMMUNITY HOSPITAL'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT**<br><br>Judge:    Hon. Jesus G. Bernal<br>Date:     July 30, 2018<br>Time:    9:00 a.m.<br>Crtrm:   1 |

# **TABLE OF CONTENTS**

                                                                                                       **Page**

I. INTRODUCTION .................................................................................................. 5
II. ARGUMENT .......................................................................................................... 5
    A. The Court Lacks Subject Matter Jurisdiction ............................................. 5
        1. The August 2013 Report is a Public Disclosure ......................... 5
        2. Relator is Not An "Original Source" ........................................... 7
    B. Relator Failed to Allege Any Claims .......................................................... 8
        1. Relator Failed to Allege False Certification (Counts I and II) ................................................................................................. 8
            a. Relator Failed to Allege Specific False Statements ......... 8
            b. Relator Failed to Allege Scienter .................................... 10
            c. Relator Failed to Allege Materiality ............................... 11
        2. Relator Failed to Allege a Reverse False Claim (Count III) ................................................................................................... 13
        3. Relator Failed to Allege Any Claim With Particularity ........... 13
    C. Relator Should Not Be Given Leave to Amend Again........................ 15
    D. OVCH's Request for Judicial Notice Should Be Granted.................. 15
III. CONCLUSION .................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A-1 Ambulance Serv. Inc. v. California*,
    202 F.3d 1238 (9th Cir. 2000) ...................................................................... 8

*U.S. ex rel. Adomitis v. Mountains Community Hospital*,
    Case No. 5:17-cv-00002-JGB-KK ................................................... 7, 13, 16

*U.S. ex rel. Anita Silingo v. Wellpoint, et al.*,
    No. 16-56400 (9th Cir. 2018) ...................................................................... 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................. 11, 12

*Bly-Magee v. California*,
    236 F.3d 1014, 1019 (9th Cir. 2001) .......................................................... 14

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*,
    637 F.3d 1047 (9th Cir. 2011) ......................................................... 9, 10, 14

*U.S. ex rel. Capriola v. Brightstar Educ. Grp., Inc.*,
    No. 1:11-CV-00135, 2013 WL 1499319 (E.D. Cal. Apr. 11, 2013) ........... 10

*U.S. ex rel. Cericola v. Federal Nat. Mortg. Assoc.*,
    529 F. Supp. 2d 1139 (C.D. Cal. 2007) ...................................................... 14

*U.S. ex rel. Dingle v. BioPort Corp.*
    270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ............................................ 16

*Ebeid ex rel. U.S. v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) ......................................................... 10, 14, 15

*U.S. ex rel. Grubbs v. Kanneganti*,
    565 F.3d 180 (5th Cir. 2009) ...................................................................... 15

*Hagood v. Sonoma Cnty. Water Agency*,
    81 F.3d 1465, 1476 n.18 (9th Cir. 1996) ................................................... 6,8

*U.S. ex rel. Harshman v. Alcan Elec. & Eng'g, Inc.*,
    197 F.3d 1014 (9th Cir. 1999) .................................................................. 6, 8

*U.S. ex rel. Hendow v. Univ. of Phoenix*,
  461 F.3d 1166 (9th Cir. 2006) .................................................................... 13

*U.S. ex rel. Hopper v. Anton*,
  91 F.3d 1261 (9th Cir. 1996) .............................................................. 10, 11

*Kendall v. Visa U.S.A., Inc.*,
  518 F.3d 1042 (9th Cir. 2008) .................................................................. 16

*Kittrich Corp. v. Chilewich Sultan, LLC*,
  2013 WL 12131376 (C.D. Cal. Feb. 20, 2013) ........................................ 17

*U.S. ex rel. Lee v. Corinthian Colls.*,
  655 F.3d 984 (9th Cir. 2011) .................................................................... 12

*M/V Am. Queen v. San Diego Marine Constr. Corp.*,
  708 F.2d 1483 (9th Cir. 1983) .................................................................... 7

*Malhotra v. Steinberg*,
  No. C09-1618JLR, 2013 WL 441740 (W.D. Wash. Feb. 5, 2013) ............ 6

*U.S. ex rel. Mateski v. Raytheon Co.*,
  816 F.3d 565 (9th Cir. 2016) .................................................................. 6, 7

*Paralyzed Veterans of America v. McPherson*,
  2008 WL 4183981, at *6 (N.D. Cal. Sep. 9, 2008) .................................. 16

*Schneider v. Cal. Dep't of Corr.*,
  151 F.3d 1194 (9th Cir. 1998) .................................................................. 15

*U.S. ex rel. Solis v. Millennium Pharm., Inc.*,
  885 F.3d 623 (9th Cir. 2018) ...................................................................... 7

*U.S. v. Celgene Corp.*,
  226 F. Supp. 3d 1032 (C.D. Cal. 2016) .................................................... 13

*U.S. v. Kiewit Pac. Co.*,
  41 F. Supp. 3d 796 (N.D. Cal. 2014) ........................................................ 17

*Universal Health Servs., Inc. v. U.S. ex rel. Escobar*,
  136 S. Ct. 1989 (2016) ................................................................. 10, 12, 13

**Statutes**

31 U.S.C. § 3729(b)(4) ................................................................................................ 12

31 U.S.C. § 3730(e)(4)(A) ............................................................................................ 6

31 U.S.C. § 3730(e)(4)(B) ............................................................................................ 8

False Claims Act ............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8 .......................................................................................................... 11

Fed. R. Civ. P. 9(b) ............................................................................................... 13, 14

Fed. R. Evid. 201(b) ................................................................................................... 17

## I. INTRODUCTION

Relator Frank Adomitis's First Amended Complaint for Violation of the Federal False Claims Act ("FCA") is jurisdictionally defective and substantively unsupported. His conclusory allegations do not withstand scrutiny. And his Opposition to Defendant Ojai Valley Community Hospital's ("OVCH") Motion to Dismiss does not change these conclusions. Relator's First Amended Complaint should be dismissed without leave to amend and with prejudice as to Relator.

## II. ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction

The Court "shall dismiss" any *qui tam* claim if "substantially similar" allegations were previously publicly disclosed, unless the relator is an original source. 31 U.S.C. § 3730(e)(4)(A); *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016). Relator incorrectly argues that his claims are not barred by public disclosure because the U.S. Department of Health and Human Services' public August 2013 Report (the "Report") is not a public disclosure and because he is an "original source." Both arguments fail for the reasons outlined below.

#### 1. The August 2013 Report is a Public Disclosure

The Report is a public disclosure. Under controlling law, a public disclosure need only enable the government to adequately investigate the case. *U.S. ex rel. Harshman v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1019 (9th Cir. 1999) (discussing 31 U.S.C. § 3730(e)(4)(A)). This test is "not hard to meet, and has been described as a 'quick trigger to get to the more exacting original source inquiry.'" *Malhotra v. Steinberg*, No. C09-1618JLR, 2013 WL 441740, at *5 (W.D. Wash. Feb. 5, 2013), *aff'd*, 770 F.3d 853 (9th Cir. 2014) (quoting *Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465, 1476 n.18 (9th Cir. 1996)).

The public disclosure bar applies even though OVCH was not specifically named in the Report and the Report contains some different information from the First Amended Complaint. The relevant inquiry is whether the claims in the Report

and the First Amended Complaint are close enough in kind and degree to have put the government on notice to investigate. "[F]or a relator's allegations to be 'based upon' a prior public disclosure, 'the publicly disclosed facts need not be identical with, but only substantially similar to, the relator's allegations.'" *Mateski*, 816 F.3d at 573. Ignoring this standard, Relator emphasizes where the Report allegedly differs from the First Amended Complaint, noting that OVCH "is not named specifically." *See* Dkt. No. 20, Opp., at 8-9.[1] Under controlling law, however, OVCH need not be named specifically in the Report. In fact, less than two months after this Court's Order regarding the public disclosure bar in Relator's similar FCA case against San Bernardino Mountains Community Hospital District (*U.S. ex rel. Adomitis v. Mountains Community Hospital*, Case No. 5:17-cv-00002-JGB-KK (hereinafter "*Mountains*"), Dkt. No. 23), the Ninth Circuit explained again that "[a] prior disclosure and an allegation may be substantially similar when the prior public disclosure put the government 'on notice to investigate the fraud before the relator filed his complaint.'" *U.S. ex rel. Solis v. Millennium Pharm., Inc.*, 885 F.3d 623, 626 (9th Cir. 2018) (quoting *Mateski* 816 F.3d at 574).

Faced with controlling Ninth Circuit case law, Relator relies on this Court's previous ruling regarding the Report in *Mountains*, but the Court's ruling in *Mountains* is factually inapposite.[2] In *Mountains*, the defendant hospital had allegedly submitted fraudulent reimbursements since 2002—well before the government was put on notice by the Report to investigate fraud concerning CAH location requirements. Here, in contrast, the 2013 Report shows that the government already knew about—and publicly disclosed—the alleged fraud in the location requirements for CAHs even before OVCH was approved as a CAH in

---

[1] Additionally, Relator claims "the Court is prevented from dismissing an action on public disclosure grounds over the government's objection." Dkt. No. 20, Opp., at 9. Here, however, the government has not objected to dismissal of this action on public disclosure grounds. In fact, the government declined to intervene in this case. *See* Dkt. No. 5.

[2] Moreover, a court may not take judicial notice of records in another cause to supply facts essential to support a contention in a cause then before it. *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

2014. Dkt. No. 17, FAC ¶ 24. The government was thus on notice to investigate before OVCH was approved as a CAH and before Relator filed his initial Complaint. Moreover, a public government transcript demonstrates that the Office of Evaluation and Inspections was on notice of the alleged issues with CAHs that allegedly did not meet the location requirements. *See* Dkt. No. 18, Motion, at 16-17. Ultimately, the claims in the Report and government transcript, on the one hand, and the First Amended Complaint, on the other, are close enough in kind and degree to have put the government on notice to investigate.

Lastly, Relator's contention that the Report "does not suggest that any hospital is purposefully defrauding the government" is misplaced. Dkt. No. 20, Opp., at 7. Because only substantial similarity is required, "fraud need not be explicitly alleged to constitute public disclosure." *Alcan Elec*, 197 F.3d at 1020 (citing *Hagood*, 81 F.3d at 1473); *accord A-1 Ambulance Serv. Inc. v. California*, 202 F.3d 1238, 1243 (9th Cir. 2000). Moreover, the Report "need not include an express reference to the FCA to constitute a public disclosure," or "mention any … false certification, or any other specific fraud on the government." *See Alcan Elec.*, 197 F.3d at 1019. Here, the Report is a public disclosure that deprives this Court of subject matter jurisdiction over Relator's First Amended Complaint.

### 2.     Relator is Not An "Original Source"

To overcome the public disclosure bar, Relator must be an original source, but he is not. An "original source" is an individual who either (1) before a public disclosure, voluntarily disclosed to the government the information on which FCA allegations or transactions are based, or (2) has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions. 31 U.S.C. § 3730(e)(4)(B). Relator does not meet either of these requirements.

First, Relator failed to allege any facts that could give rise to the conclusion that before the public disclosure, he voluntarily disclosed to the government the information on which his claims are based. Relator argues that he "voluntarily

1 disclosed [the allegations] to the Government before commencing this action." Dkt.
2 No. 20, Opp., at 11. But he does not provide any citation to the First Amended
3 Complaint or a declaration to show that he provided any information to the
4 government before the public disclosure in 2013.

5       Second, Relator does not have any knowledge that is independent of and that
6 materially adds to publicly disclosed information. In his Opposition, Relator
7 incorrectly contends that he qualifies as an original source because, "throughout the
8 FAC, he demonstrates his knowledge, and close observation" of OVCH's acts,
9 "which he discovered through his own research, and observations." *Id*. at 10. On its
10 face, though, the First Amended Complaint does not include or materially add to
11 the information that was already in the public domain. Relator does not allege facts
12 showing that he has independent knowledge of the application, survey, and
13 approval process that resulted in OVCH's approval as a CAH. He has not alleged,
14 and cannot allege, anything about the specific disclosures and representations that
15 OVCH made when it was approved as a CAH—or that any of those disclosures and
16 representations were false. Instead, the First Amended Complaint makes general
17 allegations that simply echo the elements of all FCA claims. No allegation
18 references any of Relator's purported specific observations. Moreover, Relator's
19 assertion that he discovered the alleged FCA violations through his own research—
20 presumably using publicly available sources—undermines Relator's suggestion that
21 he is an original source. *See id*. at 10. Because Relator is not an original source, the
22 First Amended Complaint must be dismissed for lack of subject matter jurisdiction.

23     **B.**    <u>**Relator Failed to Allege Any Claims**</u>
24         **1.**    **Relator Failed to Allege False Certification (Counts I and II)**
25            **a.**    **Relator Failed to Allege Specific False Statements**

26     Even if jurisdiction existed, Relator failed to allege any FCA false
27 certification claim against OVCH. The *sine qua non* of an FCA cause of action is
28 the submission of a "false or fraudulent" claim for payment. *See U.S. ex rel.*

*Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1057 (9th Cir. 2011). Here, despite Relator's unsupported assertion that he does not allege only an implied certification theory, he has not alleged any factually false requests for payment or expressly false certifications attributable to OVCH. The heart of Relator's FCA claim is that the falsity of the submitted claims resides not in the claims themselves, but in the fact that OVCH is not properly a CAH.[3]

To pursue a false implied certification theory of liability, Relator must allege more than "unsavory conduct." *Cafasso*, 637 F.3d at 1058. "Violations of laws, rules or regulations alone do not create a cause of action" under the FCA. *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996). For a certification "to be 'false' under the Act, it must be an intentional, palpable lie. Innocent mistakes, mere negligent misrepresentations and differences in interpretation are not false certifications under the Act." *Id*. at 1267 (internal citation omitted). Moreover, compliance with a law, rule, or regulation must be a prerequisite to obtaining payment, making the submission of the claim for payment knowingly false. *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 997-998 (9th Cir. 2010).

Relator failed to identify and allege any specific false statements, misleading half-truths, or fraudulent conduct by OVCH. *See generally* Dkt. No. 17, FAC ¶¶ 40-49. Relator does not allege when OVCH made certifications to the federal government, how they were made, or their specific contents. Moreover, Relator has not alleged either that compliance is a prerequisite for payment or that noncompliance leads the government to refuse to pay claims, reimburse the claims at a lower rate, or seek to retroactively recover payment. *See Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2003 (2016).

---

[3] False implied certification "occurs when an entity has previously undertaken to expressly comply with a law, rule, or regulation," such that a later "submission of a claim for payment acts as an implicit reaffirmation of compliance," rendering the request for payment implicitly false. *U.S. ex rel. Capriola v. Brightstar Educ. Grp., Inc.*, No. 1:11-CV-00135, 2013 WL 1499319, at *4 (E.D. Cal. Apr. 11, 2013) (citing *Ebeid*, 616 F.3d at 998).

Now, for the first time in his Opposition, Relator suggests that OVCH "applied for CAH status, willfully ignoring geographical realities," with three times the permissible number of swing-beds, and "with the singular goal and purpose to overcharge the Government for healthcare rendered to Medicare beneficiaries." Dkt. No. 20, Opp., at 14. But the First Amended Complaint merely alleges that OVCH has nearly three times the number of allowable swing beds to qualify as a CAH. And significantly, Relator never alleges that OVCH made any false statement about the number of swing beds or anything else in its federal certifications or when it applied for CAH status. Instead, Relator claims that OVCH referenced its number of beds in "filings submitted to the State of California's Office of Statewide Health Planning and Development." Dkt. No. 17, FAC at ¶ 28. Further, Relator never alleges compliance with the limitation on swing beds is a prerequisite to obtaining payment. Regardless, "[v]iolations of laws, rules or regulations alone do not create a cause of action" under the FCA. *Anton*, 91 F.3d at 1266.

### b. Relator Failed to Allege Scienter

Relator's allegations fall short of plausibly alleging scienter, as required. Although the knowledge or scienter element of a fraud claim need not be stated with particularity, it must still be alleged sufficiently to make entitlement to relief plausible. *See* Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The First Amended Complaint contains only Relator's conclusory assertions that OVCH:

- "[was] aware or should have been aware that they did not meet the distance requirements given the absence of evidence to trigger the 'mountainous terrain' exception";
- "with actual knowledge, reckless disregard, or deliberate ignorance, presented or caused to be presented, to Medicare false or fraudulent claims for reimbursement";
- "with actual knowledge, reckless disregard, or deliberate ignorance, made, used, and/or caused to be made or used, false records, statements, and certifications material to false or fraudulent claims"; and

- "with actual knowledge, reckless disregard, or deliberate ignorance, received millions of dollars from Medicare to which they were not entitled and which they had an obligation to refund."

*See* Dkt. No. 17, FAC ¶¶ 38, 41, 46, 51.

None of the facts in the First Amended Complaint, however, support Relator's conclusory allegation that OVCH knowingly submitted false claims. These allegations of scienter, unsupported by any alleged facts, are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertions" devoid of "further factual enhancement"); *U.S. ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011).

### c. Relator Failed to Allege Materiality

Relator also failed to allege that any false statement, misleading half-truth, or fraudulent conduct by OVCH was material to the government. Under the FCA "'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4). According to Relator, "location is material for payment" and the alleged noncompliance with the CAH framework is "so central" to the provision of health care that the government plausibly would not pay it if it knew that a hospital flouted those requirements. Dkt. No. 20, Opp., at 15-16. As alleged evidence, Relator explains that each CMS Form 2552-10 asks a hospital to state whether it qualifies as a CAH and warns any misrepresentation may be punishable. *See id*. Without citing any authority, Relator then claims it is "facially absurd" to make any argument "that discounts the language of CMS Form 2552" as immaterial. *Id*. at 16.

Notwithstanding Relator's unsupported assertion, the Supreme Court has explained that "[a] misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment." *Escobar*, 136 S. Ct. at 2003. A "condition of payment" is not automatically dispositive of materiality. *Id*. at 2001.

The Ninth Circuit has also provided a test to establish materiality: the false statement or conduct must be "material to the government's decision to pay out moneys to the claimant." *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1172 (9th Cir. 2006). The "key question is whether the government is likely to attach significance to the [statutory, regulatory, or contractual] requirement in deciding whether to tender payment." *U.S. v. Celgene Corp.*, 226 F. Supp. 3d 1032, 1049 (C.D. Cal. 2016) (citing *Escobar*, 136 S. Ct. at 2002-03). Relator must allege the requisite connection that noncompliance with the location requirements is material to the government's payment decision itself.[4] *See Mountains*, Case No. 5:17-cv-00002-JGB-KK, Dkt. No. 23 at 9 (citing *Escobar*, 136 S. Ct. at 2002-04).

Relator has not alleged, and cannot allege, that noncompliance leads the government to "consistently refuse[] to pay claims," reimburse the claims at a lower rate, or seek to retroactively recover payments. *Escobar*, 136 S. Ct. at 2003. Relator also does not allege that after the Report was published in 2013, the government denied any claims for payment based on failure to meet CAH participation requirements. Relator's conclusory suggestion that OVCH's "intentional departure from the truth is plainly material" to reimbursement is insufficient to state a False Certification claim. *See* Dkt. No. 20, Opp., at 14.

Relator's argument that CMS Form 2552's language proves materiality is also unavailing. There are numerous laws and regulations with which a CAH must comply, and Relator does not point to any specific regulation, statute, or agreement "explicitly condition[ing]" the payment of claims on the location or bed-count requirements. *See Mountains*, Case No. 5:17-cv-00002-JGB-KK, Dkt. No. 23 at 8.

---

[4] Relator's Notice of Supplemental Authority and reliance on *U.S. ex rel. Anita Silingo v. Wellpoint, et al.*, No. 16-56400 (9th Cir. 2018), is unavailing. *See* Dkt. No. 22. His insistence that this new decision shows that the CAH framework requires compliance with all applicable federal law does not correct the deficiencies in the First Amended Complaint. Relator has not adequately alleged that noncompliance with the CAH requirements is material to the government's payment decision itself. Nor does this new decision supply the missing "who, what, when, where, and how of the misconduct charged." *Id.* at 3. Not only are the facts in *Silingo* inapposite, but also the allegations are far more specific, which only underscores Relator's failure to satisfy Rule 9(b).

### 2. Relator Failed to Allege a Reverse False Claim (Count III)

Relator incorrectly contends that he "sufficiently pleaded separate reverse False Claims Act violations" because he "pleaded both that [OVCH] submitted false claims that resulted in overpayments and failed to return those overpayments." Dkt. No. 20, Opp., at 17. As discussed above, because Relator failed to allege any false certification claims, he also failed to allege that the government overpaid OVCH. Moreover, Relator failed to allege that there was any false statement, misleading half-truth, or fraudulent conduct by OVCH with the required scienter that was material to the government and resulted in any alleged failure by OVCH to refund overpayments to the government.

### 3. Relator Failed to Allege Any Claim With Particularity

Relator must be able to point to allegations in the First Amended Complaint that not only disclose the "who, what, when, where, and how" of any alleged fraud, but also connect those facts to the submission of false claims for payment to the government. *Cafasso*, 637 F.3d at 1055. The requirements of Rule 9(b) "should easily be met in qui tam actions because insiders who are privy to fraud, which is the group that the statute encourages to bring these FCA lawsuits, 'should have adequate knowledge of the wrongdoing at issue.'" *U.S. ex rel. Cericola v. Federal Nat. Mortg. Assoc.*, 529 F. Supp. 2d 1139, 1144 (C.D. Cal. 2007) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Because the FCA grants a right of action to private citizens only if they have independently obtained knowledge of fraud, complying with Rule 9(b) should not present a barrier to a legitimate *qui tam* complaint. *See Cericola*, 529 F. Supp. 2d at 1144.

Allegations like Relator's that simply identify a general sort of allegedly fraudulent conduct but do not specify particular circumstances of any discrete fraudulent statement are precisely what Rule 9(b) aims to preclude. *Cafasso*, 637 F.3d at 1057. An FCA complaint "must set forth what is false or misleading about a statement, and why it is false." *Ebeid*, 616 F.3d at 998. In particular, a relator must

1 either "identify representative examples of false claims to support every allegation" or "allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 998-999. For purposes of FCA claims, "reliable indicia" means particularized details of how false claims were likely submitted to the government based on, for instance, dates and descriptions of false records. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009); *Ebeid*, 616 F.3d at 998-99 (adopting *Grubbs*).

Relator failed to allege such reliable indicia of any alleged fraud. For example, Relator does not even allege what OVCH's CMC Form 2552-10 stated. Instead, Realtor recites the generic Form's language, leaving placeholders where the alleged misstatements allegedly might have been added. Dkt. No. 17, FAC, ¶ 31. There is not a single allegation that the Form was even filled out or signed by OVCH. Relator merely alleges, "[i]n submitting CMC Form 2552 to Medicare for reimbursement, [OVCH] affirmed that the information provided therein (including that it qualified as a CAH) was truthful and honest." Dkt. No. 17, FAC ¶ 32.

Relator's Opposition is telling in this regard. Relator contends that "[t]his Medicare cost reports were signed by Ojai Hospital officers or administrators warranting the contents as true and correct." Dkt. No. 20, Opp., at 13 (citing FAC ¶¶ 31, 32). But the First Amended Complaint never alleges that an OVCH officer or administrator signed the forms—let alone the identity of any individual who allegedly approved any allegedly false statements or certifications or when any such alleged conduct was completed with the required scienter. *See* Dkt. No. 17, FAC ¶¶ 31, 32. Relator cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Relator has not identified anyone who was involved in the supposed violations, when the supposed violations occurred, or alleged that the Forms were ever filled out with allegedly false information and signed. Because Relator failed

to allege any claims with the required specificity and particularity, his First Amended Complaint should be dismissed in its entirety.

### C. Relator Should Not Be Given Leave to Amend Again

Relator asks for leave to amend his First Amended Complaint if the Court grants OVCH's Motion to Dismiss. Yet, Relator does not refute OVCH's argument that he has already failed to cure these same deficiencies from his initial Complaint. Further, Relator does not contend that he has new bases on which to properly state any FCA claims against OVCH. Relator's First Amended Complaint should be dismissed without leave to amend and with prejudice as to Relator. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) (dismissal without leave to amend is proper if the complaint cannot be saved by amendment).

### D. OVCH's Request for Judicial Notice Should Be Granted

Relator incorrectly contends Exhibits A-D submitted with OVCH's Request for Judicial Notice, Dkt. No. 18-1, may not be judicially noticed because OVCH failed to authenticate them. *See* Dkt. No. 21, Opp. to RJN, at 3. However, because these exhibits are government agency documents in the public, and their accuracy and authenticity cannot be reasonably questioned, they are proper subjects of judicial notice. *See Mountains*, Case No. 5:17-cv-00002-JGB-KK, Dkt. No. 23 at n.1 (citing *Paralyzed Veterans of America v. McPherson*, 2008 WL 4183981, at *6 (N.D. Cal. Sep. 9, 2008); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003)).

Realtor also objects that Exhibit D is not relevant, not generally known within the trial court's territorial jurisdiction, and is hearsay. *See* Dkt. No. 21, Opp. to RJN, at 3-5. Exhibit D is a 2013 Transcript in which the Office of Evaluation and Inspections discussed the Report that is at the center of the public disclosure dispute in this case. Relator even dedicates six pages of his Opposition to the Report. The Report and transcript are plainly relevant to this case. Further, as indicated in OVCH's Request for Judicial Notice, the transcript is publicly available on the

1  website of the Office of Inspector General of the U.S. Department of Health &
2  Human Services. *See* Dkt. No. 18-1, RJN, at 2.
3        Lastly, the Court may take judicial notice of the fact that the transcript was
4  made and discusses the Report, thereby demonstrating that the government had
5  notice of the alleged issues addressed in the Report. *See e.g., U.S. v. Kiewit Pac.*
6  *Co.*, 41 F. Supp. 3d 796, 802 (N.D. Cal. 2014) (publicly available power-point
7  presentation was judicially noticeable in a FCA case, but only for the fact that the
8  government investigation report was made, not for the truth of the matter asserted);
9  *see also Kittrich Corp. v. Chilewich Sultan, LLC*, 2013 WL 12131376, at *3 (C.D.
10 Cal. Feb. 20, 2013); Fed. R. Evid. 201(b).

## III. CONCLUSION

      For the reasons set forth above, Relator's First Amended Complaint should be dismissed for lack of subject matter jurisdiction, failure to state a claim, and failure to allege fraud with particularity. OVCH respectfully requests that the Court dismiss the First Amended Complaint without leave to amend and with prejudice as to Relator.

Date: July 16, 2018                   **ARENT FOX LLP**

                                     By: /s/ Jeffrey R. Makin
                                      JEFFREY R. MAKIN
                                      ALEXANDER S. BIRKHOLD
                                      Attorneys for Defendant
                                      OJAI VALLEY COMMUNITY
                                      HOSPITAL, a d/b/a of COMMUNITY
                                      MEMORIAL HEALTH SYSTEM, a
                                      California Nonprofit Public Benefit
                                      Corporation