JEFFREY R. MAKIN (SBN 252426)
jeffrey.makin@arentfox.com
ALEXANDER S. BIRKHOLD (SBN 304334)
alexander.birkhold@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile:  213.629.7401

Attorneys for Defendant
OJAI VALLEY COMMUNITY HOSPITAL, a
d/b/a of COMMUNITY MEMORIAL HEALTH
SYSTEM, a California Nonprofit Public Benefit
Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. FRANK ADOMITIS, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>OJAI VALLEY COMMUNITY HOSPITAL; DOES 1 through 20, inclusive,<br><br>                    Defendant. | Case No. CV17-06972 JGB (KKx)<br><br>**DEFENDANT OJAI VALLEY COMMUNITY HOSPITAL'S OPPOSITION TO RELATOR'S *EX PARTE* APPLICATION FOR AN ORDER STAYING THIS ACTION**<br><br>Judge:   Hon. Jesus G. Bernal<br>Date:    November 5, 2018<br>Time:    9:00 a.m.<br>Crtrm:   1 |

## I. INTRODUCTION

Relator Frank Adomitis's *Ex Parte* Application for an Order Staying This Action is a concession that this Court's reasoning in *U.S. ex rel. Adomitis v. San Bernardino Mountains Community Hospital District*, Case No. 5:17-cv-00002-JGB-KK (herein after "*Mountains*") equally applies here, and he failed to allege materiality under the False Claims Act in his Second Amended Complaint against Ojai Valley Community Hospital ("OVCH"). Relator's acknowledgement demands the same outcome as in *Mountains*. Relator's Second Amended Complaint should be dismissed with prejudice.

Relator's focus on this Court's ruling on materiality in *Mountains*, however, ignores the various independent bases for this Court to grant OVCH's Motion to Dismiss Relator's Second Amended Complaint. While Relator requests a stay in this action because he contends that the Ninth Circuit's ruling on his appeal in *Mountains* will have a direct impact on his claims against OVCH (Dkt. No. 30, Application at 2-3), the deficiencies in Relator's Second Amended Complaint against OVCH are not limited to his materiality allegations. Relator also failed to allege falsity and scienter, and he failed to allege any claim with the required particularity. Moreover, this Court lacks subject matter jurisdiction.

Staying this action is not necessary to avoid duplication of efforts, save judicial resources, or avoid conflicting rulings because of the various independent bases to grant OVCH's Motion to Dismiss. Further, Relator's concern that he will be "irreparably harmed because he will have to incur the expense of two appeals" is overstated. After this Court makes a ruling, the Ninth Circuit can join or consolidate the cases on appeal. *See* Fed. R. App. P. 3(b)(2); *see also* Ninth Circuit Rule 28-2.6 (placing an affirmative obligation on appellants to identify in the opening brief any related cases pending before the Ninth Circuit). Finally, Relator has not made any showing that he is likely to succeed on the merits of his appeal. Accordingly, this Court should deny Relator's request for a stay.

## II. ARGUMENT

### A. Relator's Appeal in *Mountains* Does Not Impact This Case and a Stay Does Not Promote Judicial Efficiency

The mere possibility that an appeal in a related matter may resolve a case does not satisfy the strong showing required to justify a lengthy or indefinite stay. *See Opus Bank v. Liberty Insurance Underwriters, Inc.*, Case No. CV 14-02289, 2014 WL 12614434, at *3 (C.D. Cal. June 12, 2014) (citing *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000)). A ruling on materiality by the Ninth Circuit in *Mountains* will not impact this case—let alone resolve it. As explained in OVCH's Motion to Dismiss Relator's Second Amended Complaint, Relator failed to allege materiality, falsity, and scienter. He also failed to satisfy Rule 9(b)'s heightened pleading standard. *See* Dkt. 26. This Court also lacks subject matter jurisdiction because the public disclosure bar deprives the Court of jurisdiction. *Id*.

This Court previously dismissed Relator's First Amended Complaint for failing to allege falsity. *See* Dkt. No. 24, Order, at 7-9. As this Court stated, "Relator has not alleged any 'reliable indicia' to lead the Court to infer any false claims or documents were actually submitted by [OVCH] to CMS either initially to obtain its CAH designation or subsequently for reimbursement." *Id*. at 8-9. Relator failed to cure these deficiencies in his Second Amended Complaint. Accordingly, this Court has independent bases to grant OVCH's Motion to Dismiss without leave to amend and with prejudice, and there is no basis for a stay.

### B. Relator Has Not Made Any Showing That He is Likely to Succeed on the Merits of His Appeal in *Mountains*

Relator's *Ex Parte* Application explains that "courts consider … 'whether the applicant has made a strong showing that he is likely to succeed on the merits'" when deciding whether to stay a case pending appeal. Dkt. No. 30, Application, at 2 (citing *Opus Bank*, 2014 WL 12614434, at *3). Without offering any reasoning or legal support, Relator then claims that "[he] has a strong chance of succeeding in

his appeal." *Id*. at 3. But Relator has not even established that he has a substantial case on the merits—let alone a strong likelihood of success on appeal.

### C. Relator Will Not Be Irreparably Harmed Without a Stay

Relator incorrectly claims that he will be harmed if a stay is not granted because "he will have to incur the expense of two appeals, which is substantial for an individual such as Relator." Dkt. 30, Application, at 3. However, Relator ignores that the Ninth Circuit can join or consolidate this case with *Mountains* on appeal after this Court makes a ruling. *See* Fed. R. App. P. 3(b)(2). Further, an appellant has an affirmative obligation to identify any related cases pending before the Ninth Circuit in the opening brief. *See* Ninth Circuit Rule 28-2.6; *Seufert v. Merck Sharp & Dohme Corp.*, No. 13CV2169, 2016 WL 9503735, at *5 (S.D. Cal. Mar. 9, 2016) (noting the potential to consolidate cases on appeal). Additionally, "the money and time a party must expend in [the litigation] process, while burdensome, does not alone constitute irreparable injury." *Morse v. Servicemaster Glob. Holdings, Inc.*, No. C 08-03894, 2013 WL 123610, at *3 (N.D. Cal. Jan. 8, 2013); *accord Munro v. Univ. of S. California*, No. CV166191VAPCFEX, 2017 WL 5592904, at *3 (C.D. Cal. July 7, 2017). Thus, Relator will not be irreparably harmed if this Court denies his request for a stay.

### III. CONCLUSION

For the reasons set forth above, Relator's *Ex Parte* Application for an Order Staying This Action should be denied.

Dated: October 30, 2018        **ARENT FOX LLP**

By: /s/ Jeffrey R. Makin
JEFFREY R. MAKIN
ALEXANDER S. BIRKHOLD
Attorneys for Defendant
OJAI VALLEY COMMUNITY
HOSPITAL, a d/b/a of COMMUNITY
MEMORIAL HEALTH SYSTEM, a
California Nonprofit Public Benefit
Corporation