UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV-17-6972 JGB (KKx) | Date | June 2, 2021 |
| Title | United States of America ex rel. Frank Adomitis v. Ojai Valley Community Hospital, et al. | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:** Order (1) GRANTING Relator's Counsel's Motion to Withdraw as Counsel (Dkt. No. 35); and (2) VACATING the June 7, 2021 Hearing (IN CHAMBERS)

Before the Court is a motion for leave to withdraw as Relator's counsel filed by the Law Office of Esperanza Cervantes Anderson. ("Motion," Dkt. No. 35.) The Court considers this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS the Motion and VACATES the June 7, 2021 hearing.

## I.  BACKGROUND

On September 21, 2017, relator Frank Adomitis ("Relator" or "Adomitis") filed a complaint on behalf of the United States of America against Ojai Valley Community Hospital and Does 1-20, asserting violations of the False Claims Act. ("Complaint," Dkt. No. 1.) Relator has been represented by the Law Office of Esperanza Cervantes Anderson ("Counsel") for the entirety of the action. Counsel filed this Motion on March 25, 2021. (Mot.) In support of her Motion, Counsel submitted the Declaration of Esperanza Cervantes Anderson. ("Cervantes Anderson Decl.," Dkt. No. 35.) While the Motion is unopposed, on May 24, 2021, Counsel filed a Reply in support of the Motion, ("Reply," Dkt. No. 36), along with a supplemental declaration ("Suppl. Cervantes Anderson Decl.," Dkt. No. 36).

//
//
//

## II. LEGAL STANDARD

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.3.2. The motion for leave to withdraw "must be supported by good cause." Id. The motion may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Id.

District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances. See Thompson v. Special Enforcement, Inc., No. 07-1666, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008). Absent undue prejudice to the client's interests or to the proceedings in the case, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." Id. at *2. In ruling on a motion to withdraw as counsel, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Tu Thien The, Inc. v. Tu Thien Telecom, Inc., 2014 WL 12580249 at *5 (C.D. Cal. July 11, 2014).

## III. DISCUSSION

Relator's Counsel seeks to withdraw on the grounds that there has been a permanent and irreparable break in the attorney-client relationship, so that withdrawal is mandatory or permissive under California Rule of Professional Conduct 1.16. (Mot. at 5.)

As a preliminary matter, Counsel has complied with the notice requirement in Local Rule 83-2.3.2. Counsel notified the counsel for the United States and for Defendant of her intent to file the Motion through both the meet and confer process and through the notice of electronic filing. (Cervantes Anderson Decl. ¶ 8-9.) Neither the United States nor Defendant oppose Counsel's withdrawal from the case. (Id.) Counsel also informed Relator of her intent to withdraw. (Id. ¶¶ 4, 6-7, 11.)

Counsel asserts that the attorney-client relationship is irretrievably broken, and she represents that while she can only provide limited information, her withdrawal is mandatory, or at least permissive, under Rule 1.16. (Mot. at 5.) In her Reply, Counsel asserts that communication with Relator deteriorated further, becoming "impossible." (Suppl. Cervantes Anderson Decl. ¶ 2.) Counsel adds that she "cannot adequately represent Mr. Adomitis' interests because [she] cannot discuss strategy with him verbally or in writing." (Id.)

California Rule of Professional Conduct 1.16 permits an attorney to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." CA ST RPC Rule 1.16(b)(4). Considering Counsel's unopposed representations, the Court finds that Counsel's withdrawal is permissible. Moreover, withdrawal will not significantly prejudice any party or the administration of justice, as the case is currently stayed. The Court therefore GRANTS Counsel's Motion.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ordered that:

1. Counsel's Motion is GRANTED.  Esperanza Cervantes Anderson is relieved as counsel of record for Relator Frank Adomitis.
2. Counsel shall immediately serve Relator Adomitis with a copy of this Order and shall file proof of service to confirm the same no later than June 11, 2021.
3. Relator Adomitis is advised that he will have to appear pro se or retain new counsel by filing a substitution of attorney form.  L.R. 83-2.3.3.
4. By June 25, 2021, the parties shall submit a status report stating whether Relator has retained new counsel.
5. The June 7, 2021 hearing is VACATED.

**IT IS SO ORDERED.**